IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN A. PRICE,                           No.  CIV.S-04-1235 GEB DAD PS

      Plaintiff,

  v.                                      ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS, CORRECTIONAL
TRAINING FACILITY, SOLEDAD,

      Defendant.
_____/

      Plaintiff, proceeding pro se, has renewed her request for appointment of counsel.  As plaintiff previously has been advised, three factors are relevant to the determination of whether counsel should be appointed to represent a plaintiff in an employment discrimination case: (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) whether plaintiff's claim has merit.  Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).  Appointment of counsel
/////

1

1 is not a matter of right.  Ivey v. Board of Regents, 673 F.2d 266,
2 269 (9th Cir. 1982).
3 　　　　　The court having granted plaintiff's request to proceed in
4 forma pauperis, plaintiff has made an adequate showing of indigency.
5 The second factor above also has been satisfied, plaintiff having
6 submitted numerous pieces of correspondence between plaintiff and
7 various attorneys regarding plaintiff's efforts to secure counsel,
8 with no counsel having elected to represent plaintiff.  As to the
9 third factor, while the court has not prejudged the matter, it is not
10 convinced at this stage of the proceedings that plaintiff's claim has
11 merit such that counsel should be appointed.  Plaintiff also has
12 offered no argument in this regard.  Accordingly, plaintiff's renewed
13 motion for appointment of counsel will be denied.
14 　　　　　Finally, plaintiff recently filed a "request for subpoena
15 duces tecum," asking the court to order defendant to produce certain
16 documents.  Plaintiff filed a similar "request for subpoena duces
17 tecum" seeking documents from non-party California State Employees
18 Association ("CSEA").  However, the court is not in a position to
19 grant plaintiff the relief she seeks in this regard.  A party, such
20 as defendant, may be compelled to produce records or other evidence
21 in its possession or control in response to a Federal Rule of Civil
22 Procedure 34 "Request for Production."  In contrast, documents and
23 tangible evidence held by a non-party, such as CSEA, can be obtained
24 by serving a Federal Rule of Civil Procedure 45 subpoena, which is
25 issued by the Clerk of the Court at the request of the party seeking
26 /////

1 the documents. <u>See</u> William W. Schwarzer, et al., <u>Federal Civil
2 Procedure Before Trial</u>, § 11:1805, 11:1809 (2005).
3          Accordingly, IT IS HEREBY ORDERED that:
4          1.  Plaintiff's motion for appointment of counsel is
5 denied; and
6          2.  Plaintiff's requests for subpoena duces tecum are
7 denied.
8 DATED: November 14, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\price1235.counsel.subpoena